```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| PATRICIA SHERROD, | CIVIL ACTION NO. 07-1171 (MLC) |
| Plaintiff, | **MEMORANDUM OPINION** |
| v. |  |
| HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA, et al., |  |
| Defendants. |  |

**THE COURT** ordering the parties to show cause why the action should not be, inter alia, remanded to state court for lack of jurisdiction under 28 U.S.C. § ("Section") 1332 (dkt. entry no. 8, Order to Show Cause); and the plaintiff bringing this action against the defendants — Trustees of the University of Pennsylvania, s/h/a Hospital of The University of Pennsylvania ("TUP"), Otis Elevator Company ("OEC"), and Amtech ("AMT") — in state court on September 28, 2006, to recover damages for personal injuries suffered on TUP's premises (dkt. entry no. 1, Rmv. Not., Ex. A, Compl., marked filed 9-28-06); and the defendants (1) removing the action based on jurisdiction under Section 1332 (Rmv. Not., at 2), and (2) bearing the burden of demonstrating jurisdiction, see 28 U.S.C. § 1446(a); and the Court being authorized to examine jurisdiction and remand the action sua sponte, see 28 U.S.C. § 1447(c); and

**IT APPEARING** that the plaintiff is a New Jersey citizen (Compl., at 1); and it appearing that (1) TUP is a Pennsylvania

corporation with its principal place of business in Pennsylvania, and thus is a Pennsylvania citizen, and (2) AMT is a California corporation with its principal place of business in California, and thus is a California citizen (Rmv. Not., at 2), see 28 U.S.C. § 1332(c)(1); and

    **THE DEFENDANTS** alleging that OEC is a Connecticut corporation with its principal place of business in Connecticut (Rmv. Not., at 2); but it appearing that OEC is incorporated in New Jersey, and thus is a citizen of, among other states, New Jersey, see 28 U.S.C. § 1332(c)(1), see also Coleman v. Classic Ctr. Auth., No. 06-2947, 2007 WL 689463, at *1 (N.D. Ga. Mar. 2, 2007) (stating parties therein "do not dispute that [OEC] is a New Jersey corporation with its principal place of business in Connecticut"), Otis El. Co. v. Loc. 1, Int'l Union of El. Constructors, No. 03-8862, 2005 WL 2385849, at *1 (S.D.N.Y. Sept. 23, 2005) (stating, in action brought by OEC, it is "undisputed" that OEC "is a New Jersey corporation"), Otis El. Co. v. Factory Mut. Ins. Co., 353 F.Supp.2d 274, 276 (D. Conn. 2005) (stating, in action brought by OEC, that OEC "is a New Jersey corporation with its principal place of business in . . . Connecticut"), see also https://www.accessnet.state.nj.us/home.asp (listing "Otis Elevator Company" as New Jersey corporation);[1] and thus the Court

---

    [1] Westlaw's "Corporate Records" library also lists OEC as a New Jersey corporation.

being concerned that the plaintiff is not a "citizen[] of [a] different State[]" in relation to each defendant, 28 U.S.C. § 1332(a)(1); and

**IT APPEARING** that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal," Grupo Dataflux v. Atlas Global Group, 541 U.S. 567, 571 (2004); and thus the parties being advised of the Court's intention to remand the action for lack of jurisdiction under Section 1332 unless the defendants (1) clarified OEC's citizenship as of September 28, 2006, with supporting documentation, and (2) demonstrated that jurisdiction under Section 1332 existed as of September 28, 2006 (Order to Show Cause, at 3 & 6); and

**OEC**, in response, stating that OEC (1) "is indeed a New Jersey corporation with a principle [sic] place of business in Connecticut", and (2) "has no objection to having this matter remanded to State Court" (dkt. entry no. 9, 7-10-07 OEC Resp., at 1); and TUP, in response, stating that "it appears that diversity of citizenship does not exist in this case with regard to all parties and therefore [TUP has] no objection to . . . remanding this case to State Court" (dkt. entry no. 10, 7-11-07 TUP Resp.); and thus the Court intending to remand the action to state court;

and for good cause appearing, the Court will issue an appropriate order and judgment.[2]

                                          s/ Mary L. Cooper
                                       **MARY L. COOPER**
                                        United States District Judge

---

[2] The Court also ordered the parties to show cause why the action should not be transferred to the United States District Court for the Eastern District of Pennsylvania under Section 1404. (Dkt. entry no. 8.) That part of the order to show cause is now moot.